## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| Senior Care Centers, LLC, *et al.*,[1] | § | Case No. 18-33967 (BJH) |
|  | § |  |
| Debtors. | § | (Jointly Administered) |

## GLOBAL NOTES, METHODOLOGY, STATEMENT OF LIMITATIONS, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (the "**Debtors**") in these chapter 11 cases, with the assistance of their advisors, are filing their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**" or "**SOFAs**", and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") pursuant to pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes, Methodology, Statement of Limitations, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of, each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1100, Dallas, Texas 75201.

67318487.3

The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by any act or omission, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized.

Chief Restructuring Officer Kevin O'Halloran has signed each of the Schedules and Statements. Mr. O'Halloran is an authorized signatory for the Debtors. In reviewing and signing each of the Schedules and Statements, Mr. O'Halloran has relied upon the efforts, statements, representations of various personnel employed by the Debtors and their advisors. Mr. O'Halloran has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses. Neither the Schedules and Statements, nor the Global Notes, should be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtors.

## Global Notes Overview and Methodology

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate (including, without limitation): (a) the right to amend the Schedules and Statements with respect to a claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; (b) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (c) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" and/or (d) object to the extent, validity, enforceability, priority, or avoidability of any Claim). Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements except as may be required by applicable law.

2.      **Description of Chapter 11 Cases and "As of" Information Date**. On December 4, 2018 (the "**Petition Date**") and January 29, 2019 (the **Second Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors' assets and liabilities are reported as of the Petition Date, except as otherwise noted.

3.      **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for each of their assets. Accordingly, unless otherwise indicated, the Schedules and Statements reflect the net book value of the Debtors' assets as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not be reflected in the Schedules and Statements as they have no net book value. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth in the Schedules and Statements.

4.      **Recharacterization**. Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, postemployment benefits, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, re-categorize, re-designate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition. Disclosure of information in one or more Schedules, one or more Statement questions, or one or more exhibits or attachments to the Schedules and Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

5.      **Liabilities**. The Debtors have sought to allocate assets and liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, each Debtor reserves all rights to amend, supplement, or otherwise modify its Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under Bankruptcy Code section 503(b)(9). Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under Bankruptcy Code section 503(b)(9) or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

6.      **Excluded Assets and Liabilities**. In certain instances, the Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements. The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in their discretion in the ordinary course of

business, certain prepetition Claims on a postpetition basis. These schedules reflect such claims without reduction for postpetition payments on such claims. However, to the extent a claim has already been paid with respect to a prepetition claim, future disbursements on account of such claim will take into account and will be reduced by any postpetition payments already made with respect to such claim.

7.      **Insiders**. For the purposes of the Schedules and Statements, the Debtors defined "insider" pursuant to Bankruptcy Code section 101(31) as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons in control of the Debtors; and (e) debtor/non-debtor affiliates of the foregoing. The parties identified as "insiders" have been included for informational purposes only and the inclusion of them in the Schedules and Statements shall not constitute an admission that those persons are insiders for purposes of Bankruptcy Code section 101(31). The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws or with respect to any theories of liability or for any other purpose.

8.      **Intellectual Property Rights**. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9.      **Executory Contracts and Unexpired Leases**. Although the Debtors have made diligent attempts to identify contracts and unexpired leases within the scope of Bankruptcy Code section 365 and to attribute an executory contract to its rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the inclusion or exclusion of executory contracts and unexpired leases, including the right to amend Schedule G at any time during the pendency of these chapter 11 cases.

10.     **Classifications**. Listing a Claim, contract or lease on (a) Schedule D as "secured," (b) Schedule E/F, Part 1 as "priority unsecured," (c) Schedule E/F, Part 2 as "Non-priority unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or leases or to setoff against such Claims.

11.     **Claims Description**. Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by any Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent" or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

4

12. **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties (collectively, "**Causes of Action**") as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any: (a) cause of action (including avoidance actions), (b) controversy, (c) right of setoff, (d) cross-claim, (e) counterclaim, (d) recoupment, and (e) any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

13. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    a. <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD," "undetermined," or similar indication is not intended to reflect upon the materiality of such amount.

    b. <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c. <u>Liens</u>. The value of assets listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

14. **Currency**. All amounts are reflected in U.S. dollars unless otherwise indicated.

15. **Intercompany Receivables**. In the ordinary course of business, the Debtors engage in business relationships among each other and non-Debtor affiliates. Among the various Debtors are various intercompany receivables and payables which net out to zero. The Debtors are still reconciling amounts and will amend the Schedules and Statements accordingly. More information regarding the Debtors' intercompany accounts may be found in the cash management motion [Docket No. 9]. The Debtors reserve all rights with respect to intercompany transfers and accounts.

16. **Setoffs**. The Debtors periodically incur certain setoffs in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, refunds, inadvertent payments, negotiations and/or disputes between a Debtor and its customers, suppliers and third party

insurers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

17.     **Employee Addresses**. Current employee and director addresses may be reported as the Debtors' business address throughout the Schedules and Statements, where applicable.

18.     **Debtors' Addresses**. For the purposes of the Schedules and Statements, all addresses for all Debtors have been reported as the Debtors' corporate office in Dallas, Texas.

19.     **Global Notes Control**. In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

### Specific Notes With Respect to the Schedules

1.     **Schedule A/B – Real and Personal Property**

      a.     <u>Cash and Cash Equivalents</u>. Cash and cash equivalents held in financial accounts are listed on Schedule A/B as of the Petition Date.

      b.     <u>Accounts Receivable</u>. For book purposes, accounts receivable are stated at net realizable value. The fees charged by each Debtor to patients in its facilities are recorded on an accrual basis. These fees are based on the actual amount expected to be collected and are contractually adjusted with respect to individuals receiving benefits under federal and state funded programs and other third party payors.

      c.     <u>Allowance for Doubtful Accounts</u>. The allowance for doubtful accounts is estimated based on the aging of accounts receivable, historical collections data, review of specific accounts and other factors.

2.     **Schedule D – Creditors Who Have Claims Secured by Property**

Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights, including certain parties from whom the Debtors may have received lien notices but whose notices the Debtors understands have not yet been filed or recorded. While reasonable efforts have been made, determination of the date upon which each claim in Schedule D was incurred or arose would be unduly burdensome or cost prohibitive, and therefore the Debtors may not list a date for each claim listed on Schedule D.

Finally, the Debtors are taking no position on the extent or priority of any particular creditor's lien in this document.

67318487.3

3.      **Schedule E/F – Creditors Who Have Unsecured Claims**

Certain of the claims of state and local taxing authorities set forth in Schedule E/F, ultimately may be deemed to be secured claims pursuant to state or local laws. In addition, certain of the claims owing to various taxing authorities to which any Debtor may be liable may be subject to ongoing audits. The Debtors reserve the right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule E/F does not constitute an admission that such claim is entitled to priority treatment pursuant to Bankruptcy Code section 507.

The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to any Debtor. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

Pursuant to the *Interim Order Authorizing Payment of (I) Certain Prepetition Workforce Claims, Including Wages, Salaries, and Other Compensation, (II) Employee Benefits and Confirming Right to Continue Employee Benefits on Postpetition Basis, (III) Reimbursement to Employees for Prepetition Expenses, (IV) Withholding and Payroll-Related Taxes, (IV) Withholding and Payroll-Related Taxes, (V) Workers' Compensation Obligations, and (VI) Prepetition Claims Owing to Administrators or Third-Party Providers* [Docket No. 78], the *Second Interim Order Authorizing Payment of (I) Certain Prepetition Workforce Claims, Including Wages, Salaries, and Other Compensation, (II) Employee Benefits and Confirming Right to Continue Employee Benefits on Postpetition Basis, (III) Reimbursement to Employees for Prepetition Expenses, (IV) Withholding and Payroll-Related Taxes, (IV) Withholding and Payroll-Related Taxes, (V) Workers' Compensation Obligations, and (VI) Prepetition Claims Owing to Administrators or Third-Party Providers* [Docket No. 231], and the *Final Order Authorizing Payment of (I) Certain Prepetition Workforce Claims, Including Wages, Salaries, and Other Compensation, (II) Employee Benefits and Confirming Right to Continue Employee Benefits on Postpetition Basis, (III) Reimbursement to Employees for Prepetition Expenses, (IV) Withholding and Payroll-Related Taxes, (IV) Withholding and Payroll-Related Taxes, (V) Workers' Compensation Obligations, and (VI) Prepetition Claims Owing to Administrators or Third-Party Providers* [Docket No. 390] (together, the "**Wages Orders**"), the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for wages, salaries, and other compensation, and employee medical and similar benefits. The Debtors have not listed on Schedule E/F any wage or wage-related obligations that the Debtors were granted authority to pay pursuant to any order that has been entered by the Bankruptcy Court, including the Wages Orders. The Debtors believe that, with the exception of unpaid employee bonuses, which are included on Schedule E/F part 2, all such claims have been, or will be, satisfied in the ordinary course during their chapter 11 case pursuant to the authority granted in the Wages Orders. While the unpaid employee bonuses are currently reflected on Schedule E/F part 2, with the exception of discretionary bonuses, the analysis of these claims is continuing. Once the analysis is complete, some portion of these claims may be subject to priority treatment.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

4.      **Schedule G – Executory Contracts and Unexpired Leases**

Certain of the contracts and leases listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. Certain confidentiality and non-disclosure agreements may not be listed on Schedule G. The Debtors hereby express reserve the right to assert that any instrument listed on Schedule G is an executory contract or unexpired lease within the meaning of Bankruptcy Code section 365. Additionally, each Debtor reserves all rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement).

Certain confidentiality and non-compete agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, it is the Debtors' intent that each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved.

| | |
|---|---|
| Debtor Name | **HHC Portland AL, LP** |
| **United States Bankruptcy Court for the Northern District of Texas** | |
| Case number (if known): | **19-31719** |

☐ Check if this is an
amended filing

Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

---

### Part 1: Summary of Assets

*1. Schedule A/B: Assets - Real and Personal Property*   (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from *Schedule A/B*............................................................................

$0.00

1b. **Total personal property:**
Copy line 91A from *Schedule A/B*..........................................................................

$0.00

1c. **Total of all property:**
Copyline 92 from *Schedule A/B*..............................................................................

$0.00

---

### Part 2: Summary of Liabilities

2.   *Schedule D: Creditors Who Have Claims Secured by Property*   (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of Schedule D...........................

$33,066,982.15

3.   *Schedule E/F: Creditors Who Have Unsecured Claims*   (Official Form 206E/F)

3a. **Total of amounts of priority unsecured claims:**
Copy the total claims from Part 1 from the line 5a of *Schedule E/F*............................................................

$0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total amount of claims from Part 2 from line 5b of *Schedule E/F*.................................................

**+** $0.00

4.   **Total liabilities** ........................................................................................
Lines 2 + 3a + 3b

$33,066,982.15

| | |
|---|---|
| Debtor Name | **HHC Portland AL, LP** |
| **United States Bankruptcy Court for the Northern District of Texas** | |
| Case number (if known): | **19-31719** |

Check if this is an
amended filing ☐

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases*  (Official Form 206G).

Be complete and accurate as possible. If more space is needed, attach a separate spreadsheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the approriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| **Part 1:** | **Cash and cash equivalents** |
|---|---|

1.   **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

**All cash of cash equivalents owned or controlled by the debtor**                                  Current value of
debtor's interest

2.   **Cash on hand**

3.   **Checking, savings, money market, or financial brokerage accounts**
Name of institution (bank or brokerage firm)          Type of account          Last 4 digits of account number

4.   **Other cash equivalents**

5.   **Total of Part 1**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| **Part 2:** | **Deposits and prepayments** |
|---|---|

6.   **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

Debtor  HHC Portland AL, LP                                    Case Number (if known) 19-31719

|  | | Current value of debtor's interest |
|---|---|---|
| 7. | **Deposits, including security deposits and utility deposits**<br>Description, including name of holder of deposit | |
| 8. | **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**<br>Description, including name of holder of prepayment | |
| 9. | **Total of Part 2**<br>Add lines 7 through 8.  Copy the total to line 81. | |

**Part 3:       Accounts Receivable**

10.   **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

Current value of
debtor's interest

11.   **Accounts receivable**

11a. 90 days old or less: _____ - _____ =
face amount         doubtful or uncollectible accounts

11b. Over 90 days old: _____ - _____ =
face amount         doubtful or uncollectible accounts

12.   **Total of Part 3**
Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

**Part 4:       Investments**

13.   **Does the debtor own any investments?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

Valuation method          Current value of
used for current value    debtor's interest

14.   **Mutual funds of publicly traded stocks not included in Part 1**
Name of fund or stock:

Debtor HHC Portland AL, LP                                    Case Number (if known) 19-31719

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses,**
    **including any interest in an LLC, partnership, or joint venture**
    Name of entity:                          % of ownership:

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable**
    **instruments not included in Part 1**
    Describe:

17. **Total of Part 4**
    Add lines 14 through 16. Copy the total to line 83.

---

**Part 5:**        **Inventory, excluding agricultural assets**

---

18. **Does the debtor own any inventory (excluding agricultual assets)?**

    ☑ No. Go to Part 6.
    ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw Materials** | | | | |
| 20. **Work in progress** | | | | |
| 21. **Finished goods, including goods held for resale** | | | | |
| 22. **Other inventory or supplies** | | | | |

23. **Total of Part 5**
    Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**

    ☐ No.
    ☐ Yes.

---

Debtor HHC Portland AL, LP                                    Case Number (if known) 19-31719

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No.

☐ Yes.     Book Value $ _____     Valuation Method _____     Current Value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valution method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops - either planted of harvested** | | | |
| 29. **Farm animals**<br>Examples: Livestock, poultry, farm-raised fish | | | |
| 30. **Farm machinery and equipment**<br>(Other than titled motor vehicles) | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |

33. **Total of Part 6**
Add lines 28 through 32. Copy the total to line 85.

Debtor  HHC Portland AL, LP                                    Case Number (if known) 19-31719

34.  **Is the debtor a member of an agricultural cooperative?**

☐ No.

☐ Yes.

**Is any of the debtor's property stored at the cooperative?**

☐ No.

☐ Yes.

35.  **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No.

☐ Yes.  Book Value $ _____   Valuation Method _____   Current Value $ _____

36.  **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.

☐ Yes.

37.  **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 7:**     Office furniture, fixtures, and equipment; and collectibles

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39.  **Office furniture** | | | |
| 40.  **Office fixtures** | | | |

Debtor  HHC Portland AL, LP                                    Case Number (if known) 19-31719

41. **Office equipment, including all computer equipment and communication systems equipment and software**

42. **Collectibles**
Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**
Add lines 39 through 42.  Copy the total to line 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.
☐ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

**Part 8:**     **Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, or titled farm vehicles**

48. **Watercraft, trailers, motors, and related accessories**
Examples: Boats, trailers, motors, floating homes, personal watercraft, fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

Debtor  HHC Portland AL, LP                                                    Case Number (if known) 19-31719

51. **Total of Part 8.**
    Add lines 47 through 50. Copy the total to line 87.

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

    ☐ No.
    ☐ Yes.

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

    ☐ No.
    ☐ Yes.

**Part 9:**       **Real property**

54. **Does the debtor own or lease any real property?**

    ☑ No. Go to Part 10.
    ☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

56. **Total of Part 9.**
    Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

    ☐ No.
    ☐ Yes.

Debtor  HHC Portland AL, LP                                      Case Number (if known) 19-31719

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 10:**    Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, or trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

66. **Total of Part 10.**
Add lines 60 through 65.  Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers?**

Debtor  HHC Portland AL, LP                                Case Number (if known) 19-31719

☐ No.

☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No.

☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 11:**   **All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

71. **Notes receivable**
Description (include name of obligor)

_____ - _____ =
Total face amount     Doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

   **Nature of claim**

   **Amount Requested**

Debtor HHC Portland AL, LP                                        Case Number (if known) 19-31719

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

    **Nature of claim**

    **Amount Requested**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed**
    Examples: Season tickets, country club membership

78. **Total of Part 11.**
    Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ☐ No.

    ☐ Yes.

Debtor HHC Portland AL, LP                                        Case Number (if known) 19-31719

**Part 12:**      **Summary**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | | |
| 83. **Investments.** *Copy line 17, Part 4.* | | |
| 84. **Inventory.** *Copy line 23, Part 5.* | | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| 88. **Real Property.** *Copy line 56, Part 9.* | | |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| 90. **All other assets.** *Copy line 78, Part 11.* | | |
| 91. **Total.** Add lines 80 through 90 for each column. | 91a. $0.00 | **+** 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92.............................................................. | | $0.00 |

| | |
|---|---|
| **Debtor Name** | **HHC Portland AL, LP** |
| **United States Bankruptcy Court for the Northern District of Texas** | |
| Case number (if known): | **19-31719** |

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D - Creditors Who Have Claims Secured by Property                    12/15

**Be as complete and accurate as possible**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules.  Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

## Part 1:     List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | | | Amount of Claim <br> Do not deduct the value of collateral | Value of collateral that supports this claim |
|---|---|---|---|---|

**2.1**

| Creditor's name | Describe debtor's property that is subject to a lien | | |
|---|---|---|---|
| CIBC BANK USA | LINE OF CREDIT <br> ASSET BASED LOAN/NON-HUD REVOLVER | **$33,066,982.15** | **$33,066,982.15** |

**Creditor's mailing address**

120 SOUTH LASALLE ST
CHICAGO, IL 60603

**Describe the lien**

Accounts Receivable, Cash Deposits

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☒ No

☐ Yes

Date debt was incurred  12/18/2009

**Last four digits of account number**

**Is anyone else liable on this claim?**

☒ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☒ No

☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**

X Contingent

X Unliquidated

X Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**     $33,066,982.15

| Debtor Name | **HHC Portland AL, LP** |
|---|---|

**United States Bankruptcy Court for the Northern District of Texas**

Case number (if known): **19-31719**

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F - Creditors Who Have Claims Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1: List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?**

☒ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $_____ | $_____ |
| | ☐ Contingent | | |
| | ☐ Unliquidated | | |
| | ☐ Disputed | | |
| **Date or dates debt was incurred** | **Basis for the claim:** | | |
| **Last 4 digits of account number** | **Is the claim subject to offset?** | | |
| | ☐ No | | |
| | ☐ Yes | | |
| **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | | | |

Debtor Name      **HHC Portland AL, LP**                    Case number (if known): **19-31719**

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |

| 3.1 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | **Amount of claim** |
| | | | $_____ |

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**              **Basis for the claim:**

**Last 4 digits of account number**              **Is the claim subject to offset?**
☐ No
☐ Yes

Debtor Name **HHC Portland AL, LP**                    Case number (if known): **19-31719**

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

**5a. Total claims from Part 1**                    $0.00

**5b. Total claims from Part 2**                    $0.00

**5c. Total claims of Parts 1 and 2**
   Lines 5a + 5b = 5c                    $0.00

| Debtor Name | **HHC Portland AL, LP** |
|---|---|
| **United States Bankruptcy Court for the Northern District of Texas** | |
| Case number (if known): | **19-31719** |

☐ Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)

**2. List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | LANDLORD | **WILLACY HEALTH CARE INC.**<br>**18843 REDLAND RD**<br>**SAN ANTONIO, TX 78259** |
|---|---|---|---|
| | State the term remaining | | |
| | List the contract number of any government contract | | |

Debtor Name     **HHC Portland AL, LP**

**United States Bankruptcy Court for the Northern District of Texas**

Case number (if known):     **19-31719**

☐ Check if this is an
amended filing

Official Form 206H
## Schedule H: Codebtors
12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes.

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**     Include all guarantors and co-obligors.  In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed.  If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

**Column 1: Codebtor**

**Column 2: Creditor**

| Name | Mailing Address | Name | Check all schedules that apply |
|---|---|---|---|
| 2.1   **ALIEF SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.2   **BANDERA SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.3   **BAYTOWN SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.4   **BOOKER SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.5   **BOSSIER SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☒ D<br>☐ E/F<br>☐ G |

Debtor Name     **HHC Portland AL, LP**        Case number (if known): **19-31719**

▬    **Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | Mailing Address | **Name** | *Check all schedules that apply* |
| 2.6   **BRADFORD SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |
| 2.7   **BROWNWOOD SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |
| 2.8   **CAPITOL SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |
| 2.9   **CAPWEST - TEXAS, LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |
| 2.10   **CEDAR BAYOU SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |
| 2.11   **CLEAR BROOK SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |
| 2.12   **CLTC REAL ESTATE, LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |
| 2.13   **COLONIAL SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |

| Debtor Name | **HHC Portland AL, LP** | | Case number (if known): **19-31719** |

�@ **Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.14 COMMUNITY SCC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.15 CROWLEY SCC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.16 GREEN OAKS SCC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.17 HARBOR LAKES SCC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.18 HARDEN NON-HUD HOLDCO, LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.19 HEWITT SCC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.20 HILL COUNTRY SCC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.21 HOLLAND LAKE SCC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |

Debtor Name  **HHC Portland AL, LP**                Case number (if known): **19-31719**

---

█ **Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | Check all schedules that apply |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | |
| 2.22 **HUNTERS POND SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.23 **JACKSONVILLE SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.24 **LA HACIENDA SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.25 **MAJOR TIMBERS, LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.26 **MARLANDWOOD EAST SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.27 **MEADOW CREEK SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.28 **MIDLAND SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.29 **MILL FOREST ROAD SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D ☐ E/F ☐ G |

Debtor Name    **HHC Portland AL, LP**        Case number (if known): **19-31719**

| | **Additional Page(s) if Debtor has More Codebtors** |
|---|---|

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.30   **MISSION SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.31   **MYSTIC PARK SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.32   **NORMANDIE SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.33   **ONION CREEK SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.34   **PASADENA SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.35   **PECAN TREE SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.36   **PECAN VALLEY SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.37   **PM MANAGEMENT - BABCOCK NC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |

| Debtor Name | **HHC Portland AL, LP** | Case number (if known): **19-31719** |
|---|---|---|

**Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply |
| 2.38 PM MANAGEMENT - CEDAR PARK NC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.39 PM MANAGEMENT - CORPUS CHRISTI NC II LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.40 PM MANAGEMENT - CORPUS CHRISTI NC III LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.41 PM MANAGEMENT - CORSICANA NC II LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.42 PM MANAGEMENT - CORSICANA NC III LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.43 PM MANAGEMENT - CORSICANA NC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.44 PM MANAGEMENT - EL PASO I NC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.45 PM MANAGEMENT - GARLAND NC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |

| Debtor Name | **HHC Portland AL, LP** | Case number (if known): **19-31719** |
| --- | --- | --- |

---

**Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
| --- | --- | --- | --- | --- |
| | Name | Mailing Address | Name | *Check all schedules that apply* |
| 2.46 | PM MANAGEMENT - GOLDEN TRIANGLE NC I LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.47 | PM MANAGEMENT - GOLDEN TRIANGLE NC II LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.48 | PM MANAGEMENT - GOLDEN TRIANGLE NC III LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.49 | PM MANAGEMENT - GOLDEN TRIANGLE NC IV LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.50 | PM MANAGEMENT - PFLUGERVILLE AL LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.51 | PM MANAGEMENT – PORTFOLIO V NC, LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.52 | PM MANAGEMENT – PORTFOLIO VII NC, LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.53 | PM MANAGEMENT - PORTLAND AL LLC | 211 CEDAR DR PORTLAND, TX 78374 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |

| Debtor Name | **HHC Portland AL, LP** | Case number (if known): **19-31719** |
|---|---|---|

**Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.54 **PM MANAGEMENT - PORTLAND NC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.55 **PM MANAGEMENT - ROUND ROCK AL LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.56 **PM MANAGEMENT - SAN ANTONIO AL LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.57 **PM MANAGEMENT - SAN ANTONIO NC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.58 **PRESIDENTIAL SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.59 **REDOAK SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.60 **RIVERSIDE SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |
| 2.61 **ROWLETT SCC LLC** | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D ☐ E/F ☐ G |

| Debtor Name | **HHC Portland AL, LP** | Case number (if known): **19-31719** |
|---|---|---|

**Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.62 | **RUSTON SCC LLC** | **600 N. PEARL STREET, SUITE 1100**<br>**DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |
| 2.63 | **SAN ANGELO SCC LLC** | **600 N. PEARL STREET, SUITE 1100**<br>**DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |
| 2.64 | **SCC EDINBURG LLC** | **600 N. PEARL STREET, SUITE 1100**<br>**DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |
| 2.65 | **SCC SENIOR CARE INVESTMENTS LLC** | **600 N. PEARL STREET, SUITE 1100**<br>**DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |
| 2.66 | **SCC SOCORRO LLC** | **600 N. PEARL STREET, SUITE 1100**<br>**DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |
| 2.67 | **SENIOR CARE CENTER MANAGEMENT LLC** | **600 N. PEARL STREET, SUITE 1100**<br>**DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |
| 2.68 | **SENIOR CARE CENTERS HOME HEALTH, LLC** | **600 N. PEARL STREET, SUITE 1100**<br>**DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |
| 2.69 | **SENIOR CARE CENTERS, LLC** | **600 N. PEARL STREET, SUITE 1100**<br>**DALLAS, TX 75201** | CIBC Bank USA | ☑ D<br>☐ E/F<br>☐ G |

| Debtor Name | **HHC Portland AL, LP** | Case number (if known): **19-31719** |
|---|---|---|

▮ **Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.70 SENIOR REHAB SOLUTIONS LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |
| 2.71 SENIOR REHAB SOLUTIONS NORTH LOUISIANA LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |
| 2.72 SHREVEPORT SCC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |
| 2.73 SOLUTIONS 2 WELLNESS LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |
| 2.74 SOUTH OAKS SCC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |
| 2.75 SPRINGLAKE ALF SCC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |
| 2.76 SPRINGLAKE SCC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |
| 2.77 STALLINGS COURT SCC LLC | 600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201 | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |

| Debtor Name | **HHC Portland AL, LP** | Case number (if known): **19-31719** |

---

**Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.78 **STONEGATE SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |
| 2.79 **TRISUN HEALTHCARE, LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |
| 2.80 **VALLEY GRANDE SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |
| 2.81 **WEST OAKS SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |
| 2.82 **WESTERN HILLS SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |
| 2.83 **WESTON INN SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |
| 2.84 **WESTOVER HILLS SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |
| 2.85 **WINDMILL SCC LLC** | **600 N. PEARL STREET, SUITE 1100 DALLAS, TX 75201** | CIBC Bank USA | ☑ D  ☐ E/F  ☐ G |

| | |
|---|---|
| **Debtor Name** | HHC Portland AL, LP |
| **United States Bankruptcy Court for the Northern District of Texas** | |
| **Case Number:** | 19-31719 |

<u>Official Form 202</u>

## Declaration Under Penalty of Perjury for Non-Individual Debtors <span style="float:right">12/15</span>

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets- Real and Personal Property*   (Official Form 206 A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property*   (Official Form 206 D)
- ☑ *Schedule E/F: Creditors Who Have Claims Unsecured Claims*   (Official Form 206 E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases*   (Official Form 206 G)
- ☑ *Schedule H: Codebtors*   (Official Form 206 H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals*   (Official Form 206Sum)
- ☐ *Amended Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ *Other document that requires a declaration*

I, the Chief Restructuring Officer of the HHC Portland AL, LP, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 40 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Executed on: 7/3/2019
MM / DD / YYYY

Signature _____ /s/ Kevin O'Halloran _____

Kevin O'Halloran
Printed Name

Chief Restructuring Officer
Title